1   MICHAEL E. BREWER, Bar No. 177912
    ALEXA L. WOERNER, Bar No. 267609
2   LITTLER MENDELSON
    A Professional Corporation
3   Treat Towers
    1255 Treat Boulevard
4   Suite 600
    Walnut Creek, CA 94597
5   Telephone:   925.932.2468

6   Attorneys for Defendant
    DAVEY TREE SURGERY COMPANY
7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  FELIPE CALDERON,                    Case No.
                                                         CV 11          5486
11                   Plaintiff,         (Alameda County Superior Court Case No.: RG
                                        11586807)
12         v.
                                        NOTICE OF REMOVAL OF ACTION
13  DAVEY TREE SURGERY COMPANY, a       PURSUANT TO 28 U.S.C. §§ 1332, 1441,
    business entity form unknown, and DOES   1446 [DIVERSITY JURISDICTION]
14  1-50,
                                        Action Filed in State Court:  July 22, 2011
15                   Defendant.

16

17

18         TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF

19  FELIPE CALDERON AND HIS ATTORNEYS OF RECORD:

20         PLEASE TAKE NOTICE that Defendant The Davey Tree Surgery Company

21  ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of

22  California, County of Alameda, to the United States District Court for the Northern District of

23  California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.

24                      I. **STATEMENT OF JURISDICTION**

25         1.     This Court has original jurisdiction over this action under the diversity of

26  citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts

27  original jurisdiction over civil actions where the matter in controversy exceeds the sum of value of

28  $75,000, exclusive of interest and costs, and is between citizens of different states.  As set forth

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF ACTION [Diversity Jurisdiction]

1    below, this case meets all of the diversity statute's requirements for removal and is timely and

2    properly removed by the filing of this Notice.

3                          II. **PLEADINGS, PROCESS, AND ORDERS**

4         2.    On July 22, 2011, Plaintiff Felipe Calderon ("Plaintiff") filed a Complaint for

5    Damages against Defendant and various Doe defendants in Alameda County Superior Court: *Felipe*

6    *Calderon v. The Davey Tree Surgery Company; and Does 1-50*, Case No. RG 11586807

7    (hereinafter, the "Complaint").    The Complaint asserts the following causes of action:    (1)

8    employment discrimination on the basis of physical disability and medical condition in violation of

9    the California Fair Employment and Housing Act ("FEHA"); (2) employment discrimination on the

10   basis of age in violation of the FEHA; (3) employment discrimination on the basis of race in

11   violation of the FEHA; (4) retaliation in violation of the FEHA; (5) wrongful termination in

12   violation of the public policy represented in Article 1 Section 8 of the California Constitution; and

13   (6) wrongful termination in violation of the public policy represented in Labor Code section 132(a).

14        3.    On September 29, 2011, Plaintiff mailed to Defendant: (1) the Summons and

15   Complaint; (2) a Notice of Acknowledgment of Receipt- Civil; (3) a Civil Case Cover Sheet; (4) a

16   Notice Assignment of Judge for All Purposes; and (5) a Notice of Case Management Conference and

17   Order.  True and correct copies all documents served on Defendant are attached hereto as Exhibit

18   "A."  A true and correct copy of the Notice of Acknowledgment of Receipt, signed and returned by

19   Defendant on October 12, 2011, is attached hereto as Exhibit "B."

20        4.    Thereafter, on November 10, 2011, Defendant filed its Answer to the

21   Complaint in Alameda County Superior Court.  A true and correct copy of this document is attached

22   hereto as Exhibit "C."

23        5.    Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all process,

24   pleadings and orders served on Defendant or filed or received by Defendant in this action. To

25   Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed

26   in Alameda County Superior Court or served by any party.

27        6.    To Defendant's knowledge, no proceedings related hereto have been heard in

28   Alameda County Superior Court.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.

7.      A case management conference is scheduled for December 5, 2011, before the Honorable Robert McGuiness, in Alameda Superior Court.

### III.  TIMELINESS OF REMOVAL

8.      This Notice of Removal is timely filed as it is filed within thirty (30) days of October 12, 2011, the date of service of the Summons and Complaint, and within one year from the commencement of this action. *See* 28 U.S.C. § 1446(b).

### IV.  DIVERSITY JURISDICTION

9.      The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)  citizens of different States. . . .

This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A.  Diversity of Citizenship

10.     To establish citizenship for diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Plaintiff is a citizen of the State of California and a citizen of the United States.  Complaint at ¶ 1.

11.     At the time this action was commenced in state court, Defendant was, and still is, a corporation organized under the laws of the State of Ohio with its principal place of business in Kent, Ohio, where its corporate headquarters, including its offices, directors and other executives, are located.  See Declaration of Rene Tatka in Support of Defendant's Notice of Removal of Action ("Tatka Decl.") at ¶¶ 3-4; Exhibit D (a copy of Defendant's California Secretary of State Entry).  For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1   state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Here, Defendant is a

2   citizen of the State of Ohio, where it is incorporated and where it has its principal place of business.

3   See *Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010) (the principal place of business is "where

4   a corporation's officers direct, control, and coordinate the corporation's activities").    Thus,

5   Defendant is not a citizen of the State of California.  28 U.S.C. § 1332 (c)(1).

6          12.    No other party has been named or served as of the date of this removal.  The

7   presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28

8   U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued

9   under fictitious names shall be disregarded").

10         13.    Defendant is not a citizen of the State of California, where this action is

11  currently pending, and thus there is complete diversity between the parties.

12                          **B.  <u>Amount in Controversy</u>**

13         14.    Defendant only needs to show by a preponderance of the evidence (that it is

14  more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum.

15  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).  Here, the Court can

16  reasonably ascertain from Plaintiff's Complaint and his prayer for relief that the amount in

17  controversy exceeds $75,000.  *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377

18  (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint

19  that the jurisdictional amount is in controversy.")

20         15.    Plaintiff seeks special and general damages including back pay, loss of

21  earnings plus interest, commissions, deferred compensation, and other employment benefits, medical

22  and related expenses, as well as "the interest on borrowed money." (Complaint at ¶¶ 24, 41, 59, 65,

23  78; Prayer for Relief).  Even though Plaintiff did not explicitly request general damages in excess of

24  $75,000, it is clear that the amount in controversy as to Plaintiff's claimed economic damages alone

25  exceed the jurisdictional minimum.

26         16.    Defendant employs Plaintiff as a Forman 3.  Tatka Decl. at ¶ 5.  Plaintiff's

27  hourly wage as of September 24, 2010, the last date he worked for remuneration, was $22.79, and he

28  typically worked 40 hours per week.  Tatka Decl. at ¶ 5.  Although Defendant denies Plaintiff is

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF ACTION [Diversity Jurisdiction]

or discretionary language, such fees may be include in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees like to be recovered by plaintiff if she were to prevail). Plaintiff may recover attorneys' fees on his first, second, third, and fourth causes of action for retaliation and discrimination under the FEHA because the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons, supra,* 209 F. Supp. 2d at 1035.

19. Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Id.* at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.,* 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice,* 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. California Public Utilities Comm'n,* 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

20. Plaintiff also seeks punitive damages. Prayer For Relief. The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963); *Brady,* 243 F. Supp. 2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons, supra,* 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v.*

6.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

*Campbell*, 538 U.S. 408, 425 (2003).  In *Aucina v. Amoco Oil, Co.*, 871 F.Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

21.    Plaintiff also seeks such open-ended relief as "such other and further relief as the Court may deem proper and just." Prayer for Relief.  Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she plead in the complaint that she did not assert a claim in excess of $75,000.)

22.    In sum, although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims certainly exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.  Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## V. VENUE

23.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). Plaintiff originally brought this action in the Superior Court of the State of California, County of Alameda.  Pursuant to Northern District Local Rules 3-2(c) and 3-2(d), the appropriate assignment of this action is to the San Francisco or Oakland Division of this Court.

///

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.

NOTICE OF REMOVAL OF ACTION [Diversity Jurisdiction]

1

## VI.  NOTICE OF REMOVAL

2          24.     Contemporaneously with the filing of this Notice of Removal in the United

3    States District Court for the Northern District of California, the undersigned is providing written

4    notice of such filing to Plaintiff's counsel of record, Michael J. Reed, 60 Creek Tree Lane, Alamo,

5    California, 94507.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the

6    Superior Court of the State of California, County of Alameda.

7          WHEREFORE, Defendant prays that the Court remove this civil action from the

8    Superior Court of the State of California, County of Alameda, to the United States District Court for

9    the Northern District of California.

10

11   Dated: November _____11_____, 2011

12

13

14   MICHAEL E. BREWER
     ALEXA L. WOERNER
15   LITTLER MENDELSON
     A Professional Corporation
16   Attorneys for Defendant
     DAVEY TREE SURGERY COMPANY

17

18   Firmwide:104746464.1 001365.1154

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

8.

# EXHIBIT A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Michael J. Reed, Esq, SBN 122324
60 Creektree Lane
Alamo, California 94507

TELEPHONE NO.: 925-743-8353     FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Plaintiff, Felipe Calderon

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland, California 94612

BRANCH NAME:

PLAINTIFF/PETITIONER: Felipe Calderon

DEFENDANT/RESPONDENT: Davey Tree Surgery Company, a business entity form

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 11586807 |
|---|---|

TO (insert name of party being served): Davey Tree Surgery Company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 9/29/11

Michael J. Reed, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):

    Civil Case Cover Sheet, Notice of Case Management Conference and Order, Notice of Assignment
    of Judge for All Purposes

---

(To be completed by recipient):

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*

Michael J. Reed, Esq. (SBN 122324)
60 CreekTree Lane
Alamo, CA. 94507

TELEPHONE NO: (925) 743-8353　FAX NO:

ATTORNEY FOR *(Name)*: Plaintiff, Felipe Calderon

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA. 94612
BRANCH NAME:

FOR COURT USE ONLY

ALAMEDA COURT

JUL 22 2011

CASE NAME:
Felipe Caderon vs. Davey Tree Surgery Company, Does 1-50

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | 11586007  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary　b. ☐ nonmonetary; declaratory or injunctive relief　c. ☑ punitive

4. Number of causes of action *(specify)*: Six

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 15, 2011

Michael J. Reed
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1   Michael J. Reed SBN 122324
    Attorney at Law
2   60 CreekTree Lane
    Alamo, California 94507
3   Telephone: (925) 743-8353

4   Attorney for: Plaintiff FELIPE CALDERON

5

ENDORSED
FILED
ALAMEDA COUNTY

JUL 22 2011

CLERK OF THE SUPERIOR COURT
By _____
Deputy

6                   SUPERIOR COURT OF CALIFORNIA

7              IN AND FOR THE COUNTY OF ALAMEDA

8

9   FELIPE CALDERON                     )   Case No. RG 11586408
                                        )
10       Plaintiff,                     )
                                        )
11       vs.                            )   COMPLAINT FOR DAMAGES FOR
                                        )   EMPLOYMENT DISCRIMINATION AND
12  DAVEY TREE SURGERY COMPANY, a business )  HARASSMENT (VIOLATION OF FAIR
    entity form unknown, and DOES 1-50, )   EMPLOYMENT AND HOUSING ACT); AND
13                                      )   REQUEST FOR JURY TRIAL
         Defendants.                    )
14                                      )
                                        )
15  _____ )

16  PLAINTIFF, FELIPE CALDERON ALLEGES AS FOLLOWS:

17                      **FIRST CAUSE OF ACTION**

18  **(Plaintiff FELIPE CALDERON' First Cause of Action For Employment Discrimination On The Basis**
19  **of Physical Disability and Medical Condition; Violation Of Fair Employment And Housing Act**
    **against defendant DAVEY TREE SURGERY COMPANY and DOES 1-50)**

20  1.     Plaintiff, FELIPE CALDERON is a resident of the City of Richmond, County of Contra Costa,

21  California and was employed by Defendant DAVEY TREE SURGERY COMPANY, a business entity form

22  unknown (hereinafter "DAVEY TREE SURGERY COMPANY") at its Livermore, California location.

23  Plaintiff was terminated on September 24, 2010.  At the time of his termination, Plaintiff was fifty-nine (59)

24  years old. Plaintiff is an Hispanic male.

25  2.     The true names and/or capacities, whether individual, corporate or associate or otherwise, of a

26  defendant named in this action as Does 1 through 50, inclusive are unknown to plaintiff at this time;

27  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
    (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL
28

-1-

therefore, plaintiff sues such defendants by said fictitious names, and plaintiff will amend this complaint to show their true names and capacities upon discovery of same. Plaintiff is informed and believes, and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that, plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

3.     Plaintiff is informed and believes and thereon alleges that each of the defendants herein was, at all times relevant to this action, the agent, employer, employee, representing partner, joint venturer or successor in interest of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein, gave consent to, ratified, and authorized the acts alleged herein of each of the remaining defendants.

4.     Plaintiff is informed and believes and thereon alleges that defendant DAVEY TREE SURGERY COMPANY is a business entity form unknown, and at all times herein mentioned in this complaint, was a business entity form unknown, qualified to do business in the State of California, doing business in the State of California and as such was subject to the laws of the State of California. Plaintiff is informed and believes and thereon alleges that defendant DAVEY TREE SURGERY COMPANY is, and at all times herein mentioned in this complaint, was plaintiff's employer and was responsible in some manner for the acts and occurrences herein alleged.

5.     Defendant, DAVEY TREE SURGERY COMPANY is an "employer", employing five or more persons, and as such is subject to suit under the California Fair Employment and Housing Act pursuant to California Government Code Section 12926(d).

6.     Plaintiff is informed and believes and thereon alleges that this court is the proper court because the principal place of business defendant DAVEY TREE SURGERY COMPANY is within its jurisdictional area and injury to plaintiff, FELIPE CALDERON occurred within its jurisdictional area.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-2-

7.     Beginning with the inception of his employment and continuing through approximately September 24, 2010, plaintiff was employed by defendant DAVEY TREE SURGERY COMPANY in the position of tree trimmer.

8.     Throughout the period that plaintiff was employed by DAVEY TREE SURGERY COMPANY, DAVEY TREE SURGERY COMPANY acting through its agents and plaintiff's managers, supervisors and co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of his medical condition and physical disability in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996)

9.     During the time plaintiff was employed by DAVEY TREE SURGERY COMPANY he was discriminated against and harassed by defendants with respect to the terms, conditions, and privileges of his employment because of his physical disabilities.  Such discrimination and harassment created for plaintiff a hostile work environment and consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement and promotions, the complete failure to reasonably accommodate plaintiff's disabilities and plaintiff's termination.

10.     DAVEY TREE SURGERY COMPANY knew or should have known of these discriminatory and harassing actions because plaintiff's managers, supervisors and co-workers and others' discriminatory behavior was brought directly to the attention of DAVEY TREE SURGERY COMPANY. Despite DAVEY TREE SURGERY COMPANY's actual and constructive knowledge of the above mentioned discrimination and harassment, and the knowledge of its supervisors and agents, DAVEY TREE SURGERY COMPANY failed to take immediate and appropriate corrective action to stop the discrimination and harassment. Furthermore, before the discrimination and harassment occurred, DAVEY TREE SURGERY COMPANY failed to take all reasonable steps to prevent such discrimination and harassment from occurring.

11.     Throughout the period that plaintiff was employed by DAVEY TREE SURGERY COMPANY, plaintiff had the following physical disability and medical condition related to: (Mental, Spinal/Back). DAVEY TREE SURGERY COMPANY was aware of plaintiff's physical disabilities and medical condition set forth above because throughout the course of his employment plaintiff informed DAVEY TREE

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

SURGERY COMPANY of his medical condition and physical disabilities, and DAVEY TREE SURGERY COMPANY was aware that plaintiff was treating for his medical condition and physical disabilities.

12.     DAVEY TREE SURGERY COMPANY failed to reasonably accommodate plaintiff's needs based on his physical disabilities and medical condition.

13.     At all times mentioned herein, plaintiff was willing and able to perform the duties and functions of his employment if such reasonable accommodation had been made by DAVEY TREE SURGERY COMPANY.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for plaintiff's physical disability and medical condition have been a danger to plaintiff's, or any other person's health or safety, nor would it have created an undue hardship to the operation of DAVEY TREE SURGERY COMPANY's business.

14.     DAVEY TREE SURGERY COMPANY's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of medical condition, and physical disability in violation of Government Code Section 12940(a).

15.     DAVEY TREE SURGERY COMPANY was aware of plaintiff's physical disabilities and medical condition set forth above because throughout the course of his employment plaintiff informed DAVEY TREE SURGERY COMPANY of his medical condition and physical disabilities, and DAVEY TREE SURGERY COMPANY was aware that plaintiff was limited by his physical disabilities and medical condition.

16.     On or about September 24, 2010 DAVEY TREE SURGERY COMPANY terminated plaintiff's employment with DAVEY TREE SURGERY COMPANY allegedly due to performance problems.

17.     At all times herein mentioned plaintiff was qualified for his position with DAVEY TREE SURGERY COMPANY based upon his education, training and experience.

18.     Plaintiff's termination by DAVEY TREE SURGERY COMPANY constituted discrimination and disparate treatment.  Plaintiff is informed and believes and thereon alleges that DAVEY TREE SURGERY COMPANY's decision to terminate his employment was based upon plaintiff's physical disability and medical conditions set forth above.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

19.     Plaintiff is informed and believes and thereon alleges that DAVEY TREE SURGERY COMPANY's articulated reason for terminating his employment was pretextual.  In actuality DAVEY TREE SURGERY COMPANY failed to reasonably accommodate plaintiff's needs based on his physical disabilities and medical condition, and DAVEY TREE SURGERY COMPANY rather than accommodating plaintiff's needs based on his physical disabilities and medical condition terminated his employment.

20.     At all times mentioned herein, plaintiff was willing and able to perform the duties and functions of his position, and other available positions, if such reasonable accommodation had been made by DAVEY TREE SURGERY COMPANY.  At no time would the performance of the functions of the employment positions, with a reasonable accommodation for plaintiff's physical disabilities and medical condition have been a danger to plaintiff's, or any other person's health or safety, nor would it have created an undue hardship to the operation of DAVEY TREE SURGERY COMPANY's business.

21.     DAVEY TREE SURGERY COMPANY in violation of California Govt. Code § 12940(n), failed to make any offer of reasonable accommodation to plaintiff, failed to make any determination whether a vacant position existed within its organization for which the plaintiff was qualified and which the plaintiff was capable of performing with or without accommodation and failed to engage in a "timely, good faith, interactive process" to determine effective reasonable accommodations with plaintiff who had a known disability and who had requested accommodation.

22.     During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and satisfactory.

23.     DAVEY TREE SURGERY COMPANY's discriminatory and harassing actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of physical disability in violation of California Government Code Section 12940(a).

24.     As a proximate result of DAVEY TREE SURGERY COMPANY's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1  damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession

2  and occupation, the expenses plaintiff has incurred mitigating the conduct of DAVEY TREE SURGERY

3  COMPANY, losses incurred seeking substitute employment and loss of earnings, deferred compensation

4  and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and

5  will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings,

6  deferred compensation and other employee benefits,  the interest on borrowed money, the value of plaintiff's

7  time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in

8  prosecuting this action; other economic losses, other incidental expenses and other special and general

9  damages.  Plaintiff's substantial compensable losses are in amounts not fully ascertained.

10  25.   As a further proximate result of DAVEY TREE SURGERY COMPANY's discriminatory actions

11  against plaintiff as alleged above, plaintiff has suffered, and continues to suffer, embarrassment,

12  mortification, indignity, humiliation, severe physical, mental and emotional distress, discomfort and

13  irreparable injury to his business reputation, all to his detriment and damage in amounts not fully

14  ascertained, and for which plaintiff has been forced to seek personal, medical and related care and treatment

15  and plaintiff has incurred and will continue to incur, expenses therefore.

16  26.   On or about September 28, 2010, and within one year of the date of the last act in the continuing

17  pattern and practice of discrimination herein alleged against defendants by plaintiff, plaintiff filed a charge

18  of discrimination with the California Department of Fair Employment and Housing (hereafter, DFEH)

19  against all named defendants.

20  27.   On or about September 30, 2010 the DFEH issued to plaintiff a notice of right to bring a civil action

21  against all named defendants based on the charges of discrimination filed with the DFEH.

## SECOND CAUSE OF ACTION

**(Plaintiff FELIPE CALDERON 'S Second Cause of Action For Employment Discrimination On The
Basis of Age, Violation Of Fair Employment And Housing Act against defendant DAVEY TREE
SURGERY COMPANY and DOES 1-50)**

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

28.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 27.

29.     Throughout the period that plaintiff was employed by DAVEY TREE SURGERY COMPANY, DAVEY TREE SURGERY COMPANY, acting through its agents and plaintiff's managers, supervisors, co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of his age in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996)

30.     During the time plaintiff was employed by DAVEY TREE SURGERY COMPANY he was discriminated against with respect to the terms, conditions, and privileges of his employment because of his age. Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, excessive criticism, age related inquiries concerning plaintiff's age in plaintiff's presence and the presence of others, retaliation against plaintiff, denial of advancement, promotions and other benefits, and repeated acts of harassment and discrimination by plaintiff's managers, supervisors, co-workers and others, directed at plaintiff which for him created a hostile work environment and ultimately led to his termination of employment.

31.     DAVEY TREE SURGERY COMPANY knew or should have known of these harassing and discriminatory actions because plaintiff's managers, supervisors and co-workers and others' discriminatory and harassing behavior was brought directly to the attention of DAVEY TREE SURGERY COMPANY. Despite DAVEY TREE SURGERY COMPANY's actual and constructive knowledge of the above - mentioned harassment, and the knowledge of its supervisors and agents, DAVEY TREE SURGERY COMPANY failed to take immediate and appropriate corrective action to stop the discrimination and harassment. Furthermore, before the harassment occurred, DAVEY TREE SURGERY COMPANY failed to take all reasonable steps to prevent such harassment and discrimination from occurring.

32.     Plaintiff began his employment with DAVEY TREE SURGERY COMPANY and was employed by DAVEY TREE SURGERY COMPANY until approximately September 24, 2010.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

33.     During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and satisfactory.

34.     During the course of plaintiff's employment with DAVEY TREE SURGERY COMPANY he complained to DAVEY TREE SURGERY COMPANY about DAVEY TREE SURGERY COMPANY's managers', supervisors', co-workers' and others' discriminatory and harassing behavior towards him and complained about DAVEY TREE SURGERY COMPANY's hostile and offensive environment.  On or about September 24, 2010 DAVEY TREE SURGERY COMPANY retaliated against plaintiff for making these complaints by terminating his employment with DAVEY TREE SURGERY COMPANY allegedly due to performance problems.

35.     Plaintiff is informed and believes and thereon alleges that he was terminated from his position with DAVEY TREE SURGERY COMPANY because of his age (59).  At the time plaintiff was terminated plaintiff was qualified for the position.  Plaintiff is informed and believes and thereon alleges that subsequent to his termination DAVEY TREE SURGERY COMPANY hired substantially less qualified, substantially younger applicants to fill his position.

36.     As a result of DAVEY TREE SURGERY COMPANY's policies and practices plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his age.

37.     DAVEY TREE SURGERY COMPANY's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of age in violation of the Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

38.     During the aforementioned dates, DAVEY TREE SURGERY COMPANY also subjected the plaintiff to differential treatment.  DAVEY TREE SURGERY COMPANY made its employment decisions related to imposition of discipline and termination solely on the basis of improper consideration of the age of plaintiff, and completely subjective analysis in willful disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc.  No fair and objective standards were used for decisions related to the imposition of discipline and termination.  DAVEY TREE SURGERY COMPANY's decision making process related to rehiring, advancement, promotion, discipline and pay raises was a primary source

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-8-

of discrimination which resulted in an improper denial of advancement opportunities to employees older than age 40, and in particular to plaintiff.

39.     As a proximate result of DAVEY TREE SURGERY COMPANY's discriminatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money plaintiff would have received had he not been terminated. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

40.     As a further proximate result of DAVEY TREE SURGERY COMPANY's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

41.     As a proximate result of DAVEY TREE SURGERY COMPANY's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of DAVEY TREE SURGERY COMPANY, and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits, the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial compensable losses are in amounts not fully ascertained.

42.     On or about September 28, 2010, and within one year of the date of the last act in the continuing pattern and practice of discrimination herein alleged against defendants by plaintiff, plaintiff filed a charge

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

of discrimination with the California Department of Fair Employment and Housing (hereafter, DFEH) against all named defendants.

43.     On or about September 30, 2010 the DFEH issued to plaintiff a notice of right to bring a civil action against all named defendants based on the charges of discrimination filed with the DFEH.

### THIRD CAUSE OF ACTION

**(Plaintiff FELIPE CALDERON 'S Third Cause of Action For Employment Discrimination On The Basis of Race, Violation Of Fair Employment And Housing Act against defendant DAVEY TREE SURGERY COMPANY and DOES 1-50)**

44.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 43.

45.     Plaintiff began his employment with DAVEY TREE SURGERY COMPANY and was employed by DAVEY TREE SURGERY COMPANY until approximately September 24, 2010.

46.     Throughout the period that plaintiff was employed by DAVEY TREE SURGERY COMPANY, DAVEY TREE SURGERY COMPANY acting through its agents and plaintiff's managers, supervisors and co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of his race (Hispanic) in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

47.     During the time plaintiff was employed by DAVEY TREE SURGERY COMPANY, he was discriminated against with respect to the terms, conditions, and privileges of his employment because of his race as follows:  During the course of her employment, plaintiff came under the supervision of defendant's managers and supervisors who subjected plaintiff to differential terms and conditions of employment because of his race.  These differential terms and conditions of employment included but were not limited to harassment not experienced by employees whose race and national origin were different than that of plaintiff, as well as excessive criticism not otherwise directed to employees whose race and national origin were different than that of plaintiff.  Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff,

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1  denial of advancement, promotions and other benefits, and repeated acts of harassment and discrimination

2  directed at plaintiff which for him created a hostile work environment.

3  48.     During the aforementioned dates, DAVEY TREE SURGERY COMPANY also subjected plaintiff to

4  differential treatment including biased evaluations and denied him equal opportunities for advancement and

5  promotions because of his race.  DAVEY TREE SURGERY COMPANY made its employment decisions

6  related to advancement, promotion and discipline on the basis of completely subjective analysis, in willful

7  disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc.  No

8  objective standards were used for recruitment, hiring, discipline and promotion.  DAVEY TREE SURGERY

9  COMPANY's decision making process related to advancement, promotion and discipline was a primary

10  source of discrimination which resulted in an improper denial of advancement opportunities to Hispanic

11  employees and in particular to plaintiff.

12  49.     DAVEY TREE SURGERY COMPANY knew or should have known of these harassing and

13  discriminatory actions because plaintiff's managers, supervisors and co-workers and others' discriminatory

14  and harassing behavior was brought directly to the attention of DAVEY TREE SURGERY COMPANY.

15  Despite DAVEY TREE SURGERY COMPANY's actual and constructive knowledge of the above -

16  mentioned harassment, and the knowledge of its supervisors and agents, DAVEY TREE SURGERY

17  COMPANY failed to take immediate and appropriate corrective action to stop the discrimination and

18  harassment.  Furthermore, before the harassment occurred, DAVEY TREE SURGERY COMPANY failed

19  to take all reasonable steps to prevent such harassment and discrimination from occurring.

20  50.     Plaintiff dreaded working in this hostile and discriminatory environment and was under constant

21  stress.  This constant pattern of harassment and discrimination caused plaintiff to suffer constant severe

22  emotional distress including but not limited to fright, shock, nervousness, anxiety, worry, grief, stress,

23  indignity, apprehension, and fear.  Plaintiff's ability to perform his job was severely impacted by the

24  behavior of defendant's managers and supervisors.

25

26

27  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT

28  (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

51.     During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and satisfactory as repeatedly reported to plaintiff during numerous individual and supervisory meetings during the course of plaintiff's employment.

52.     During the course of plaintiff's employment with DAVEY TREE SURGERY COMPANY, he complained to DAVEY TREE SURGERY COMPANY about DAVEY TREE SURGERY COMPANY's managers', supervisors', co-workers' and others' discriminatory and harassing behavior towards him and complained about DAVEY TREE SURGERY COMPANY's hostile and offensive environment. On or about September 24, 2010, DAVEY TREE SURGERY COMPANY discharged plaintiff for his alleged violation of policies.

53.     Plaintiff, as an Hispanic employee, was treated in a disparate manner and subjected to DAVEY TREE SURGERY COMPANY's unfair policies and practices in that plaintiff was treated unequal and unlike employees whose race and national origin were different than that of plaintiff. Said unfair policies and practices both limited plaintiff in his job classifications, job assignments and other benefits, because of plaintiff's race and further resulted in his discharge from employment on or about September 24, 2010.

54.     DAVEY TREE SURGERY COMPANY denied equal employment opportunities to plaintiff because of plaintiff's race, to wit:

A.      The reason given for plaintiff's discharge was a mere pretext for unlawful discrimination.

B.      DAVEY TREE SURGERY COMPANY did not discharge or discipline similarly situated employees whose race and national origin were different than that of plaintiff who committed similar, or more serious policy violations.

55.     As a result of DAVEY TREE SURGERY COMPANY's policies and practices plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his race. As a direct and proximate result of DAVEY TREE SURGERY COMPANY's acts, plaintiff has suffered great and irreparable economic and other loss.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

56.    DAVEY TREE SURGERY COMPANY's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of race in violation of the Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

57.    As a proximate result of DAVEY TREE SURGERY COMPANY's discriminatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money plaintiff would have received had he not been terminated. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

58.    As a further proximate result of DAVEY TREE SURGERY COMPANY's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

59.    As a proximate result of DAVEY TREE SURGERY COMPANY's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions,  deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of DAVEY TREE SURGERY COMPANY, losses incurred seeking substitute employment and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits,  the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial compensable losses are in amounts not fully ascertained.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

60.     On or about September 28, 2010, and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

61.     On or about September 30, 2010, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

## FOURTH CAUSE OF ACTION

**(Plaintiff FELIPE CALDERON's Fourth Cause of Action for Retaliation against Defendant, DAVEY TREE SURGERY COMPANY and DOES 1-50)**

62.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 61.

63.     During the course of plaintiff's employment with DAVEY TREE SURGERY COMPANY, he complained to DAVEY TREE SURGERY COMPANY about DAVEY TREE SURGERY COMPANY's managers', supervisors', co-workers' and others' discriminatory and harassing behavior towards him and complained about DAVEY TREE SURGERY COMPANY's hostile and offensive environment.  On or about September 24, 2010 DAVEY TREE SURGERY COMPANY retaliated against plaintiff for making these complaints by terminating his employment with DAVEY TREE SURGERY COMPANY, allegedly due to performance problems.

64.     DAVEY TREE SURGERY COMPANY' treatment of plaintiff was in violation of Government Code section 12940(h).  Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing (hereafter, DFEH) against all named defendants and received a right to sue letter.

65.     As a proximate result of DAVEY TREE SURGERY COMPANY's retaliatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, deferred compensation and other employment benefits; injuries to plaintiff's protected property interests; general damage to

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

plaintiff's reputation; loss due to stigma; injury to plaintiff's property, business, trade, profession and occupation; the expenses plaintiff has incurred mitigating the conduct of DAVEY TREE SURGERY COMPANY; deferred compensation and other employment benefits; the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action; interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits; the interest on borrowed money; the value of plaintiff's time in prosecuting this action; the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses; other incidental expenses; and other special and general damages. Plaintiff's substantial compensable losses are in amounts not fully ascertained.

66.     As a further proximate result of DAVEY TREE SURGERY COMPANY's retaliatory actions against plaintiff as alleged above and the acts, omissions and conduct of DAVEY TREE SURGERY COMPANY, plaintiff has suffered, and continues to suffer, embarrassment, mortification, indignity and humiliation and severe physical, mental and emotional distress and discomfort and irreparable injury to his business reputation, all to his detriment and damage in amounts not fully ascertained, and for which plaintiff has been forced to seek personal, medical and related care and treatment and plaintiff has incurred and will continue to incur, expenses therefore.

## FIFTH CAUSE OF ACTION

**(Plaintiff FELIPE CALDERON's Fifth Cause of Action for Wrongful Discharge in Violation of Public Policy against Defendant, DAVEY TREE SURGERY COMPANY and DOES 1-50.)**

67.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 66.

68.     Plaintiff entered employment with defendants and duly performed all of the conditions of his employment.

69.     At all times mentioned in the complaint, California Constitution Article I Section 8 was in full force and effect and was binding on defendant DAVEY TREE SURGERY COMPANY. This section required DAVEY TREE SURGERY COMPANY to refrain from discriminating against any employee on the basis of sex, race, creed, color or national or ethnic origin.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

70.     Plaintiff believes and thereon alleges that his age, race, creed, color, disability or national or ethnic origin was a factor in DAVEY TREE SURGERY COMPANY's discriminatory and harassing treatment of him which consisted of, but was not limited to unfounded complaints made against plaintiff concerning plaintiff's work; harassment of plaintiff about work related issues, differential treatment of plaintiff compared to other employees outside of his protected class, retaliation against plaintiff, denial of advancement, promotions and other benefits and DAVEY TREE SURGERY COMPANY's decision to terminate him.  Such discrimination is in violation of the public policy of the State of California as reflected in California Constitution Article I, Section 8, and has resulted in damages and injury to plaintiff as alleged herein.

71.     DAVEY TREE SURGERY COMPANY's actions violated the provisions of the Fair Employment and Housing Act (FEHA) (Government Code §§12900-12966).

72.     The actions alleged in Paragraphs 1 – 71 above, specifically the fact that plaintiff was continually subjected to discrimination and harassment by DAVEY TREE SURGERY COMPANY caused plaintiff to be wrongfully discharged from his employment in violation of public policy.  Plaintiff was in essence effectively discharged in retaliation for attempting to exercise his fundamental right to be free from age and racial discrimination and harassment.

## SIXTH CAUSE OF ACTION

**(Plaintiff FELIPE CALDERON's Sixth Cause of Action for Wrongful Discharge in Violation of Public Policy, Violation of Labor Code Section 132(a) against Defendant, DAVEY TREE SURGERY COMPANY and DOES 1-50.)**

73.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 72.

74.     Labor Code Section 132(a) provides, in relevant part, that:

"132a.  It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment.
(1) Any employer who discharges, threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-16-

compensation with his or her employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000), together with costs and expenses not in excess of two hundred fifty dollars ($250). Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

75.     Labor Code Section 132(a) makes a violation of Labor Code section 132(a) a misdemeanor.

76.     In discharging plaintiff, DAVEY TREE SURGERY COMPANY has violated Labor Code Section 132(a) thereby subjecting plaintiff to working conditions that violated public policy, in that throughout the time of his employment with Defendants, plaintiff was treated intolerably for having made a claim for workers compensation benefits and for taking an extended leave of absence because of injuries occurring on the job site. As a result of plaintiff's actions describe above plaintiff ultimately was terminated from his employment with Defendants.

77.     Defendants' wrongful discharge of plaintiff was in violation of well established public policies that prohibit an employer from retaliating against those employees who in good faith file claims for compensation because of injuries occurring on the job site as set forth in California Labor Code section 132(a).

78.     As a legal and proximate result of Defendants conduct as alleged hereinafter, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and additional amounts of money Plaintiff would have received but for the aforementioned conduct including future wages and benefits that Plaintiff would have earned for the length of time the employment with Defendants was reasonably certain to continue. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

79.     As a further legal and proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress. As a result of such conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof at trial.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

80.    As a proximate result of DAVEY TREE SURGERY COMPANY's retaliatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of DAVEY TREE SURGERY COMPANY, losses incurred seeking substitute employment and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits,  the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial compensable losses are in amounts not fully ascertained.

81.    The above-recited actions of Defendants were done with malice, fraud and oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights.  Accordingly, Plaintiff is entitled to seek and does seek punitive damages in an amount according to proof against Defendants pursuant to California Civil Code section 3294 and to the extent permitted by law.

WHEREFORE, plaintiff prays for judgment as follows:

1.    Compensatory damages for back pay, according to proof,

2.    Compensatory damages for physical and emotional injuries and accompanying pain and suffering, according to proof,

3.    For medical and related expenses according to proof,

4.    For loss of earnings according to proof,

5.    For compensatory damages for sex, race and age discrimination and harassment, according to proof,

6.    For reasonable attorney fees, and for costs of suit incurred, and

7.    For such other and further relief as the Court may deem proper and just.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

**REQUEST FOR JURY TRIAL**

Plaintiff FELIPE CALDERON requests a trial by jury on all causes of action.

Dated: July 15, 2011

(D251.006)

Michael J. Reed
Attorney for Plaintiff, FELIPE CALDERON

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-19-

**Superior Court of California, County of Alameda**



**Notice of Assignment of Judge for All Purposes
Effective on December 27, 2010**

Case Number: RG11586807
Case Title:    Calderon \ VS Davey Tree Surgery Company
Date of Filing: 07/22/2011

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Robert McGuiness** |
| **Department:** | **22** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6938** |
| **Fax Number:** | **(510) 267-1574** |
| **Email Address:** | **Dept.22@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

<u>General Procedures</u>

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Robert McGuiness

DEPARTMENT 22

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1) Counsel are expected to be familiar with the Statement of Professionalism and Civility, Alameda County Bar Association (www.acbanet.org). (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause shown. Non-emergency scheduling conflicts is not good cause. (3) The court appreciates receiving courtesy copies of motions for summary judgment or adjudication, but otherwise, unless directed, counsel should refrain from lodging or emailing courtesy copies. (4) All references to "counsel" in this order apply equally to self-represented parties, who should know that there is a Self-Help Center at Rene C. Davidson Courthouse, room 109, 1225 Fallon Street, Oakland. (5) Email requests for motion dates preferred. Remember: Email is NOT a substitute for filing of pleadings/documents. (6) The court does provide an expedited informal discovery resolution procedure which MUST be followed before filing a discovery motion. Contact the clerk for details.

## Schedule for Department 22

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Contacts with Dept. 22 should be by e-mail with copies to all counsel after conferring about proposed dates.

- Trials generally are held: Mondays through Thursdays, 8:30 a.m. to 1:30 p.m. with two breaks and Fridays, 8:30 a.m. to noon with one break. A pretrial conference is generally scheduled 3 weeks before trial at 2:00 p.m. on a Friday. Personal appearance required.

- Case Management Conferences are held: Mondays through Thursdays at 3:00 p.m. Timely filed and complete case management conference statements may obviate the need for in person conferences. Check the Register of Actions on Domain 2 days in advance. Further details listed below*

- Law and Motion matters are heard: Wednesdays and Thursdays at 3:00 p.m. (maximum 5 each). Email Dept. 22 to obtain a reservation. Limited hearings are available for summary judgments, preliminary injunctions and other time intensive motions.

- Settlement Conferences are heard: Court resources are limited. Counsel encouraged to consider alternative dispute resolution options. Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard:  Applications are considered only on moving papers and any written response.  Email Dept. 22 to advise when papers will be filed and give notice to other side and advise same that written opposition must be filed in 24 hours.

- *Parties shall check the Register of Action at least 2 days prior to the Case Management Conference for a tentative case management order. If published, the tentative case management order will become the order of the court unless counsel or self represented party notifies the court and opposing party by email, fax or telephone not less than one court day prior to the CMC that s/he intends to appear in person at the CMC to discuss some aspect of the order, and specifies the nature of the party's concern. The court's e-mail is Dept.22@alameda.courts.ca.gov.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:          Dept.22@lameda.courts.ca.gov

- Ex Parte Matters
  Email:          Dept.22@lameda.courts.ca.gov

### Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 22
- Phone:  1-866-223-2244

Dated:  07/25/2011

Presiding Judge,
Superior Court of California, County of Alameda

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/26/2011

By

_____
Deputy Clerk

Attorney at Law
Attn: Reed, Michael J.
60 CreekTree Lane
Alamo, CA 94507____

## Superior Court of California, County of Alameda

| Calderon \ | |
|---|---|
| | **Plaintiff/Petitioner(s)** |
| VS. | |
| Davey Tree Surgery Company | |
| | **Defendant/Respondent(s)** |
| | (Abbreviated Title) |

No. <u>RG11586807</u>

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 12/05/2011<br>Time: 03:00 PM | Department: 22<br> Location: **Administration Building**<br> **Fourth Floor**<br> **1221 Oak Street, Oakland CA 94612**<br><br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Robert McGuiness**<br>Clerk: **Kathy McKean**<br>Clerk telephone: **(510) 267-6938**<br>E-mail:<br>**Dept.22@alameda.courts.ca.gov**<br>Fax: **(510) 267-1574** |
|---|---|---|

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least **15** days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.
†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct. I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/26/2011.

By

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br/>*(SOLO PARA USO DE LA CORTE)*



ENDORSED
FILED
ALAMEDA COUNTY

JUL 2 2 2011

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DAVEY TREE SURGERY COMPANY, a business entity form
unknown, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FELIPE CALDERON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br/>*(El nombre y dirección de la corte es):* Alameda County Superior Court<br/><br/>1225 Fallon Street<br/>Oakland, California 94612 | CASE NUMBER:<br/>*(Número del Caso):*<br/>**11586407** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Reed, Attorney at Law, 60 Creek Tree Lane, Alamo, CA 94507   (925) 818-6399

DATE: July 15, 2011         Clerk, by _____ , Deputy
*(Fecha)*     Pat S. Sweeten      *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☑ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br/>Judicial Council of California<br/>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br/>www.courtinfo.ca.gov |

# EXHIBIT B

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>―Michael J. Reed, Esq,  SBN 122324<br>60 Creektree Lane<br>Alamo, California 94507<br><br>TELEPHONE NO.: 925-743-8353           FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Felipe Calderon | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Felipe Calderon

DEFENDANT/RESPONDENT: Davey Tree Surgery Company, a business entity form

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>11586807 |
|---|---|

TO *(insert name of party being served):* Davey Tree Surgery Company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 9/29/11

Michael J. Reed, Esq.
(TYPE OR PRINT NAME)                    ►  (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
   Civil Case Cover Sheet, Notice of Case Management Conference and Order, Notice of Assigment of Judge for All Purposes

*(To be completed by recipient):*

Date this form is signed: 10/12/11

Michael E. Brever
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,      ►  (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]        **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**        Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Treat Towers, 1255 Treat Boulevard, Suite 600, Walnut Creek, California 94597. On October 12, 2011, I served the within document(s):

### ACKNOWLEDGEMENT OF RECEIPT

☐ by facsimile transmission at the date above. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 925.946.9809. The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below.

☐ by placing a true copy of the document(s) listed above for mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☒ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

**Michael J. Reed, Esq.**
**60 Creektree Lane**
**Alamo, CA 94507**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 12, 2011, at Walnut Creek, California.

_Gaye M. Rose_
Gaye M. Rose

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

# EXHIBIT C

1   MICHAEL E. BREWER, Bar No. 177912
    ALEXA L. WOERNER, Bar No. 267609
2   LITTLER MENDELSON
    A Professional Corporation
3   Treat Towers
    1255 Treat Boulevard
4   Suite 600
    Walnut Creek, CA  94597
5   Telephone:   925.932.2468
    Fax No.:      925.946.9809
6
    Attorneys for Defendant
7   DAVEY TREE SURGERY COMPANY

                                    ENDORSED
                                      FILED
                                 ALAMEDA COUNTY

                                 NOV 1 0 2011

                            CLERK OF THE SUPERIOR COURT
                            By _____
                                              Deputy

8
                        SUPERIOR COURT OF CALIFORNIA
9
                           COUNTY OF ALAMEDA
10

11  FELIPE CALDERON,                    Case No.  RG 11586807

12              Plaintiff,              **DEFENDANT DAVEY TREE SURGERY
                                        COMPANY'S ANSWER TO PLAINTIFF'S**
13      v.                              **COMPLAINT FOR DAMAGES AND
                                        REQUEST FOR JURY TRIAL**
14  DAVEY TREE SURGERY COMPANY,
    and DOES 1-50,
15
                Defendant.             Complaint Filed:  July 22, 2011
16

17          Defendant THE DAVEY TREE SURGERY COMPANY (hereinafter "Defendant"), by and

18  through its attorneys, hereby answer Plaintiff FELIPE CALDERON's (hereinafter "Plaintiff")

19  Complaint For Damages and Request for Jury Trial (hereinafter the "Complaint").  Defendant

20  generally denies each and every allegation in Plaintiff's Complaint pursuant to section 431.30(d) of

21  the California Code of Civil Procedure.  Defendant further denies that Plaintiff has been injured or

22  has suffered damages in any amount, or at all.

23                          <u>**AFFIRMATIVE DEFENSES**</u>

24          Defendant asserts and alleges the following affirmative defenses.  By asserting these

25  affirmative defenses, Defendant does not concede that it has the burden of production or proof as to

26  any affirmative defense asserted below.

27          **AS A FIRST SEPARATE AFFIRMATIVE DEFENSE,** Defendant alleges that

28  neither the Complaint, nor any purported cause of action set forth therein, states facts sufficient to

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

BY FAX

1    constitute a cause of action against Defendant.

2           **AS A SECOND SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that

3    Plaintiff's claims are barred, in whole or in part, because Plaintiff's employment with Defendant has

4    not been terminated.

5           **AS A THIRD SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that

6    Plaintiff's alleged employment was governed by California Labor Code section 2922 and therefore

7    Plaintiff could be terminated with or without notice and/or cause.

8           **AS A FOURTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that

9    Plaintiff failed to mitigate his purported damages.

10          **AS A FIFTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that

11    Plaintiff was treated fairly and in good faith, and that all actions taken with regard to him were taken

12    for lawful business reasons.

13          **AS A SIXTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that

14    Plaintiff's claims, and each claim, fail to state a claim for exemplary or punitive damages under

15    California Civil Code Section 3294.

16          **AS A SEVENTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges

17    that no private right of action exists with respect to one or more of the claims asserted in the

18    Complaint.

19          **AS AN EIGHTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges

20    that Plaintiff's claims, in whole or in part, are barred by Plaintiff's unreasonable failure to take

21    advantage of available preventive and corrective opportunities provided to employees and to

22    otherwise avoid harm.

23          **AS A NINTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that

24    Plaintiff's claims are barred by his own breaches of duty owed to Defendant including, but not

25    limited to, those set forth in California Labor Code sections 2854 and 2856-2859.

26          **AS A TENTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that

27    Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the California

28    Workers' Compensation Act, Labor Code section 3200 et seq .

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

2.

**AS AN ELEVENTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that Plaintiff's claims are barred, or recovery reduced, by Plaintiff's carelessness, recklessness, negligence, dishonest or willful misconduct.

**AS A TWELFTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that Plaintiff's claims are barred under the doctrines of collateral estoppel and res judicata.

**AS A THIRTEENTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that Plaintiff is barred from bringing this action or Plaintiff's recovery of damages must be reduced or denied under the doctrine of after-acquired evidence.

**AS A FOURTEENTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that assuming, *arguendo*, any employee or agent of Defendant engaged in unlawful conduct toward Plaintiff (which Defendant denies), that conduct was contrary to express policies, occurred outside of the scope of any employment or agency relationship, and cannot be attributed to Defendant.

**AS A FIFTEENTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that any award of emotional distress, punitive or exemplary damages under California law in general and/or as applied to the facts of this specific action would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

**AS A SIXTEENTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that, if any mental or emotional distress was in fact suffered by Plaintiff, it was proximately caused by factors other than any act or omission of Defendant.

**AS A SEVENTEENTH SEPARATE AFFIRMATIVE DEFENSE**, Defendant alleges that if any damages or injuries were in fact suffered by Plaintiff, such damages or injuries must be reduced or diminished by amounts received or receivable by Plaintiff in the exercise of reasonable diligence as income or in lieu of earned income.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1          **AS AN EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

2 Defendant alleges that Defendant alleges that Plaintiff failed to exhaust administrative remedies.

3          **AS A NINETEENTH THIRD SEPARATE AFFIRMATIVE DEFENSE,**

4 Defendant alleges that Plaintiff failed to state facts sufficient to constitute a claim for which

5 attorneys' fees and costs may be awarded.

6          **AS A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE,** Defendant

7 alleges that Plaintiff's claims are barred by the doctrines of waiver, consent, laches, unclean hands,

8 unjust enrichment, accord and satisfaction, and/or estoppel.

9          **AS A TWENTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE,**

10 Defendant states that it does not presently know all facts concerning the conduct of Plaintiff and his

11 claims sufficient to state all affirmative defenses at this time.

12          WHEREFORE, Defendant prays that:

13          Plaintiff take nothing by this action;

14          Judgment be entered in favor of Defendant and against Plaintiff;

15          Defendant be awarded its reasonable attorneys' fees;

16          Defendant be awarded its costs of suit herein; and

17          Defendant be awarded such further relief as this Court deems just and proper.

18 Dated: November _10_, 2011

19

20

21 MICHAEL E. BREWER

22 ALEXA L. WOERNER
LITTLER MENDELSON
A Professional Corporation

23 Attorneys for Defendant
DAVEY TREE SURGERY COMPANY

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
Trust Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

4.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Treat Towers, 1255 Treat Boulevard, Suite 600, Walnut Creek, California 94597. On **November 10, 2011**, I served the within document(s):

**DEFENDANT DAVEY TREE SURGERY COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

☐      by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 925.946.9809. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒      by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☐      by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐      by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐      Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Michael J. Reed, Esq.
60 Creektree Lane
Alamo, CA 94507

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

ITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

1    deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

2    thereon fully prepaid in the ordinary course of business.

3               I declare under penalty of perjury under the laws of the State of California that the

4    above is true and correct. Executed on November 10, 2011, at Walnut Creek, California.

5

6    _____

7                            DONNA COLEMAN

8    Firmwide:105090525.1 001365.1154

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

2.

PROOF OF SERVICE

# EXHIBIT D

# California Secretary of State Debra Bowen

*privacy*   *All people*   *Speak*   *without discrimination*

**Business Entities (BE)**

Online Services
- **Business Search**
- **Disclosure Search**
- **E-File Statements**
- **Processing Times**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Annual/Biennial Statements**

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**
- **International Business
  Relations Program**

Customer Alerts
- **Business Identity Theft**
- **Misleading Business
  Solicitations**

## Business Entity Detail

Data is updated weekly and is current as of Friday, November 04, 2011. It is not a complete or certified recor

| | |
|---|---|
| **Entity Name:** | DAVEY TREE SURGERY COMPANY |
| **Entity Number:** | C0570261 |
| **Date Filed:** | 05/19/1969 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | OHIO |
| **Entity Address:** | 1500 N MANTUA ST |
| **Entity City, State, Zip:** | KENT OH 44240 |
| **Agent for Service of Process:** | HOWARD BOWLES |
| **Agent Address:** | 2617 S VASCO RD |
| **Agent City, State, Zip:** | LIVERMORE CA 94551 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked.
  Corporations Code **section 2114** for information relating to service upon corporations that have surrend
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more
  **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitio**

**Modify Search    New Search    Printer Friendly    Back to Search Results**

**Privacy Statement | Free Document Readers**

Copyright © 2011  California Secretary of State